Mr. Wes Letz Department of Local Affairs Colorado Division of Local Government 1313 Sherman Street, Room 523 Denver, Colorado 80203
Dear Mr. Letz:
This is in reply to your memorandum request, of June 19, 1979, to the attorney general, asking for an opinion as to the following question:
QUESTION PRESENTED AND CONCLUSION
Can the "rates, tolls, or charges" authorized in 32-4-113(1)(l) and declared to "constitute a perpetual lien on and against the property served" in 32-4-113(1)(l)(VI), survive the issuance of a treasurer's deed for real property?
The answer to your inquiry is "no."
ANALYSIS
While C.R.S. 1973, 32-4-113(1)(l)(VI) provides pertinently that "Until paid, all rates, tolls, or charges shall constitute a perpetual lien on and against the property served . . .," it is significant that C.R.S. 1973, 39-1-107(2), relating to the priority of liens for general taxes, states that "taxes levied on real and personal property . . . shall be a perpetual lien thereon, and such lien shall have priority over all otherliens . . . ." (Emphasis added.)
Even before the latter statute was amended to add the clause "and such lien shall have priority over all other liens," the Supreme Court held that where a statute making a special improvement lien perpetual in the same way a general tax lien was, by statute, also perpetual, the special improvement lien was in conflict with the provisions of article X, section 8, of the Constitution of Colorado. Specifically, in City Real Estate v.Sullivan, 116 Colo. 169, 180 P.2d 504 (1947), modified 117 Colo. 467 (1948), the court, at pp. 175-176, stated that:
 When tax deed has issued, and particularly when it is based on defaulted general levies, all as here, we think the statute which makes both levies perpetual and on a par, comes into conflict with provisions of the Constitution . . . and the special improvement lien is as one `foreclosed' and wholly lost.
Likewise, in Pueblo Conservancy District v. Moore,120 Colo. 287, 210 P.2d 614 (1949), the court, citing City RealEstate, supra, stated that:
 Our decisions are to the effect that holders of tax deeds issued pursuant to general levies enjoy title to the property described therein, freed from liens of special improvement tax levies, and certificates of tax sales, if any, issued because of defaulted payment thereof.
The recent cases of North Washington Water and SanitationDistrict v. Majestic Savings and Loan, Colo. Ct. of App. No. 78-693, February 1, 1979, vol. 8, No. 4, TheColorado Lawyer, April, 1979, pp. 654-656, and Wassonv. Hodgenson, 196 Colo. 183, 583 P.2d 914 (1978) hold that as between the holders of deeds of trust and water and sanitation districts, the perpetual lien of the districts has priority. However, these cases do not alter the holding inCity Real Estate, supra, and PuebloConservancy District, supra. In the rather recent case of Upper Harmony Ditch v. Carwin, 189 Colo. 190,539 P.2d 1282 (1975), the Supreme Court, while deciding the case on a different issue, noted that City Real Estate,supra, and McDermott v. IrrigationDistrict, 130 Colo. 44, 272 P.2d 995 (1954), stand for the proposition that a treasurer's deed forecloses irrigation district assessments and special improvement tax levies.
SUMMARY
The cases as cited above, especially City Real Estate, are controlling. Accordingly, it is the opinion of this office that the issuance of a tax deed by the treasurer extinguishes prior liens of water and sanitation districts for rates, tolls, or charges.
FOR THE ATTORNEY GENERAL
 BILLY SHUMAN Special Assistant Attorney General General Legal Services Section
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
LIENS DEEDS TITLE TO PROPERTY
C.R.S. 1973, 32-4-113(1)(l) C.R.S. 1973, 32-4-113(1)(l)(VI) C.R.S. 1973, 39-1-107(2)
Colo. Const. art. X, § 8
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
This opinion holds that rates, tolls, or charges constituting a perpetual lien are extinguished upon the issuance of a tax deed by the treasurer.